UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CRAIG BUCHANAN SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>LEROY BACA, et al.,<br><br>    Defendants. | NO. CV 15-4108-CJC (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, and the Report and Recommendation of the magistrate judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the magistrate judge.

The magistrate judge recommended dismissal based on expiration of the statute of limitations. The latest action alleged by Plaintiff occurred on August 13, 2009. (Report at 3.) At that point, Plaintiff was aware of the facts underlying his claim and injury. Federal law governs when a claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 387-88, 391, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("The cause of action accrues even though the full extent of the injury is not known or

predictable.") (citation and quotation marks omitted); *see also Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) ("a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action") (citation and quotation marks omitted).

Petitioner argues that the claim did not begin to accrue until the Magistrate Judge's legal findings in a Report and Recommendation in Petitioner's habeas action in Case No. 13-4193-CJC (AGR). (Objections at 4-5.) Petitioner is incorrect. The claim "accrues upon awareness of the actual injury . . ., not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Petition argues that *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014) supports his argument. (Objections at 5.) In *Nordstrom*, the plaintiff was on death row in Arizona. He filed a civil rights complaint against Department of Corrections officials and a specific officer, "who allegedly read his legal mail. * * * He alleges that the defendants' conduct violates various constitutional rights, including the Sixth Amendment right to counsel." *Id.* at 906. The reading of the mail allegedly occurred on May 2, 2011. *Id.* at 907. The district court dismissed the complaint for failure to state a claim. *Id.* at 907-908. The Ninth Circuit reversed, finding that the plaintiff had stated a claim of a violation of his Sixth Amendment right to counsel. *Id.* at 911, 912. *Nordstrom* is not on point. The court did not address the statute of limitations.

Plaintiff's remaining objections are without merit.

IT IS ORDERED that the complaint is dismissed with prejudice.

DATED: July 16, 2015

CORMAC J. CARNEY
United States District Judge

2